1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9    Ping Ping Zhou,                    )    No. CV 07-0780-PHX-DGC (ECV)
                                        )
10                Petitioner,           )    **REPORT AND RECOMMENDATION**
                                        )
11   vs.                                )
                                        )
12                                      )
     Michael Chertoff, et al.,          )
13                                      )
                  Respondents.          )
14                                      )
     _____)
15

16   TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

17            On April 12, 2007, Petitioner Ping Ping Zhou filed an Amended Petition for Writ of

18   Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials were holding

19   her unlawfully.  Petitioner arrived here unlawfully from the People's Republic of China in

20   August 2003 and was taken into custody.  She was subsequently released under an order of

21   supervision in June 2004.  On March 21, 2007, however, Petitioner was served with a Notice

22   of Revocation of Release and was again taken into custody by Immigration and Customs

23   Enforcement (ICE) officials.

24            Petitioner contends that revocation of her release was improper because she is not a

25   flight risk and her detention is not necessary to secure her removal.  Additionally, Petitioner

26   claims that she should be released because there is no significant likelihood of removal in the

27   reasonably foreseeable future.  See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is

28   no reasonable likelihood that a foreign government will accept an alien's return in the

1    reasonably foreseeable future, the INS may not detain the alien for more than the

2    presumptively reasonable period of six months); Marquez v. INS, 346 F.3d 892, 898-99 (9th

3    Cir. 2003) (the post-IIRIRA presumptive six-month limit on the detention of admitted aliens

4    ordered deported, and inadmissible aliens ordered removed, also applies to aliens ordered

5    excluded under pre-IIRIRA law).

6         On June 14, 2007, Respondents filed a Response in Opposition to Petition for Writ

7    of Habeas Corpus (Doc. #9).  They argue in their response that Zadvydas does not apply here

8    because the government was able to secure travel papers for Petitioner and she has not been

9    detained for more than the presumptively reasonable period.  Respondents contend that

10   Petitioner is likely to be removed in the reasonably foreseeable future.[1]

11        On March 11, 2008, Respondents filed a Notice of Filing Executed Warrant of

12   Removal (Doc. #12).  The Notice provides evidence establishing that Petitioner was in fact

13   removed from the United States to the People's Republic of China back on August 7, 2007.

14   In light of Petitioner's removal, Respondents contend that the habeas petition is moot.

15        The court agrees.  Respondents' evidence demonstrates that Petitioner has been

16   deported and is no longer in custody.  As a result, the issue of indefinite detention no longer

17   exists and this action is moot.  The court will therefore recommend that the Petition for Writ

18   of Habeas Corpus be denied.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   _____

27        [1] Respondents explain that Petitioner was supposed to be removed on May 24, 2007
     but because a stay of removal was issued in a companion case filed by Petitioner, CV 07-
28   0785-PHX-DGC (ECV), Petitioner was not removed on that date.

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. #3) be **DENIED and DISMISSED WITH PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 12th day of March, 2008.

Edward C. Voss
United States Magistrate Judge